**MANDATE**

D. Conn.
04-cv-1383
Nevas, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand sixteen.

Present:

> John M. Walker, Jr.,
> Denny Chin,
> Raymond J. Lohier, Jr.,
> > *Circuit Judges*.

———————

Clinton Cox,

> *Petitioner*,

v.  16-2572

United States of America,

> *Respondent*.

———————

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion and to amend that motion. Upon due consideration, it is hereby ORDERED that the motion to amend is GRANTED. The motion for leave to file a successive 28 U.S.C. § 2255 motion, as amended, is DENIED. Petitioner fails to satisfy the criteria set forth in 28 U.S.C. § 2255(h). Petitioner does not rely on newly discovered evidence. In addition, *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Dorsey v. United States*, 132 S. Ct. 2321 (2012), both concerned statutory interpretation and did not announce new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See Dawkins v. United States*, --- F.3d ---, 2016 WL 3854238, at *2 (7th Cir. July 15, 2016) (per curiam); *In re Shines*, 696 F.3d 1330, 1332 (10th Cir. 2012). *United States v. Green*, 480 F.3d 627 (2d Cir. 2007), is not a decision by the Supreme Court announcing a new rule of constitutional law within the meaning of § 2255(h).

Petitioner's claim that he is actually innocent is meritless because he does not demonstrate "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him]

guilty beyond a reasonable doubt.'"  *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (discussing standard for actual innocence claims as gateway to defaulted constitutional claims); *id.* at 555 (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)) (discussing the higher standard applicable to freestanding actual innocence claims).

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit